E-FILED
Thursday, 29 August, 2019 08:59:41 AM
Clerk, U.S. District Court, ILCD

3033602-LRB/AMF                                                    #6315346

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MARQUIS DAWSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. |
| | ) |
| JEVON F. ARMOUR and | ) |
| WESTERN EXPRESS, INC. | ) |
| | ) |
|     Defendants. | ) |

### NOTICE OF REMOVAL

NOW COMES the Defendant, WESTERN EXPRESS, INC., by and through its attorneys, Lew R.C. Bricker and Anne M. Fishbeck of SmithAmundsen LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action to the United States District Court for the Central District of Illinois, Peoria Division, and in support thereof, state as follows:

1.      This matter arises from a May 2, 2017 accident on U.S. Highway 55 in McLean County, Illinois. (*See* Complaint at Law attached as Exhibit A, Count I, ¶¶ 2-4). Plaintiff, Marquis Dawson, alleges that he suffered "injury and trauma to his head and face, fracturing his facial and nasal bones, and fracturing his right thumb as well as injuring his neck and back, all of which are permanent and progressive in nature." (Ex. A, Count I, ¶ 6).

2.      On April 29, 2019, the Plaintiff filed a two-count Complaint in the Circuit Court Eleventh Judicial Circuit, McLean County, Illinois bearing Case No. 2019 L 50. (Ex. A.)

3.      Defendant, Western Express, Inc., seeks to remove this matter based upon subject matter jurisdiction conferred by diversity of citizenship and amount in controversy, as established in 28 U.S.C. § 1332.

4.     At the time of filing this Notice of Removal, Co-Defendant Jevon F. Armour has not been served.

5.     Shown below, diversity of citizenship exists, the Defendant asserts a good faith basis that the amount in controversy exceeds $75,000.00, and Removal is timely.

## ARGUMENT

**Diversity of Citizenship Exists**

6.     Upon information and belief, Plaintiff, MARQUIS DAWSON, is currently and was at the time of the subject accident domiciled, a citizen and resident of the State of Missouri. (Ex. A, Count I, ¶ 1).

7.     At the time of the subject accident, at the time the Complaint was filed in the Circuit Court Eleventh Judicial Circuit, McLean County and at the present time, Defendant, WESTERN EXPRESS, INC., was and is a citizen of the State of Tennessee. The United States Supreme Court determined that a corporation is a citizen of both (1) every state where it is incorporated, and (2) the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8.     At the time of the occurrence, at the time the Complaint was filed in the Circuit Court Eleventh Judicial Circuit, McLean County, and at the present time, Defendant, WESTERN EXPRESS, INC., was and is incorporated in the State of Tennessee. (*See* Western Express, Inc.'s Filing Information with the Tennessee Secretary of State attached as Exhibit B).

9.     The United States Supreme Court stated that a corporation's principal place of business is determined by the "nerve center" test. The Court explained that:

> … the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the …corporation's nerve center. And in practice it should normally be the place where the corporation maintains its headquarters – provided that the

headquarters is the actual center of direction, control, and coordination, i.e., the nerve center, and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp.*, 559 U.S. at 92-93. At the time of the alleged subject occurrence, at the time the Complaint was filed in the Circuit Court Eleventh Judicial Circuit, McLean County and at the present time, Defendant, WESTERN EXPRESS, INC., maintained its principal place of business in Nashville, Tennessee. (Ex. B.)

10.     Thus, Defendant, WESTERN EXPRESS, INC., meets both prongs of citizenship laid out by the United States Supreme Court, and is deemed a citizen of the State of Tennessee.

11.     Defendant, JEVON F. ARMOUR, at the time of the subject accident, at the time the Complaint was filed in the Circuit Court Eleventh Judicial Circuit, McLean County, and at the present time was and is domiciled, a citizen and resident of the State of Georgia. (*See* Ex. C, Illinois Traffic Crash Report).

12.     Complete diversity of citizenship exists between Plaintiff, MARQUIS DAWSON, and Defendants, WESTERN EXPRESS, INC. and JEVON F. ARMOUR.

**The Amount in Controversy Exceeds $75,000.00**

13.     Plaintiff alleges in his complaint that as a result of the incident he injury and trauma to his head and face, fracturing his facial and nasal bones, and fracturing his right thumb as well as injuring his neck and back, all of which are permanent and progressive in nature." (Ex. A, Count I, ¶ 6).

14.     Plaintiff alleges that he "was caused to incur medical expenses in the approximate amount of $10,000.00 and will incur additional medical expenses in the future." (Ex. A, Count I, ¶ 7). Dawson alleges that he "will require future medical treatment including but not limited to additional surgical procedures." (Ex. A, Count I, ¶ 8).

15.     Further, Plaintiff alleges that he "has lost income from his regular employment in the approximate amount of $9,000.00 and has lost the ability to enjoy lif[e]." (Ex. A, Count I, ¶ 9).

16.     Plaintiff demands judgment against Defendant, WESTERN EXPRESS, INC., for a sum in excess of $50,000.00, and demands judgment against Co-Defendant, JEVON F. ARMOUR, for a sum in excess of $50,000.00. (Ex. A).

17.     In personal conversations with Tom Kemper, counsel for the plaintiff on August 28, 2019, defendant's counsel, Lew R.C. Bricker and Anne M. Fishbeck, have further been advised that the amount in controversy exceeds $75,000.00. Accordingly, the movant believes in good faith that the amount in controversy exceeds the jurisdictional limit of $75,000.00.

**Removal Is Timely Filed**

18.     This Notice of Removal was filed within (30) thirty days of "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

19.     Plaintiff filed his Complaint at Law on April 29, 2019. (*See* Exhibit A.)

20.     Service was achieved on Defendant, WESTERN EXPRESS, INC. on or about July 30, 2019. (Proof of Service is attached as Exhibit "D").

21.     At the time of this filing, service has not been achieved on Co-Defendant JEVON F. ARMOUR.

22.     As established in this Notice, Defendant has properly filed its Notice of Removal within the applicable thirty-day period. The time period set forth in §1446 is mandatory and should be strictly construed. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270

(7th Cir. 1982). Defendant has complied with this thirty-day deadline. Therefore, Defendant's Notice of Removal is timely filed.

23.     As required by 28 U.S.C. §1446(d), the movant will promptly serve upon Plaintiff's counsel and file with the McLean Circuit Court a true and correct copy of this Notice.

24.     As required by 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendant in this action is attached hereto. (*See* Ex. A.)

25.     By removing this action, Defendant does not waive any defenses available to it.

26.     If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

27.     This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, WESTERN EXPRESS, INC. by and through its attorneys, Lew R.C. Bricker and Anne M. Fishbeck of SmithAmundsen LLC, pray that this Honorable Court retain jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Movant further prays should this Court require hearing that it be afforded the opportunity to present a brief and oral argument in support of its position. Defendant prays for further and other relief as this Court deems proper and just.

Respectfully submitted,

s/ Anne M. Fishbeck

By:     Anne M. Fishbeck – Bar Number 6315346
        Attorney for Defendant,
        Western Express, Inc.
        SmithAmundsen LLC
        150 North Michigan Avenue, Suite 3300
        Chicago, Illinois 60601
        Tel: (312) 894-3200

5

Fax: (312) 894.3210
E-Mail: afishbeck@salawus.com

Lew R.C. Bricker
Anne M. Fishbeck
Attorneys for Defendant,
Western Express, Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
Tel: (312) 894-3200
Fax: (312) 894-3210
E-Mail: lbricker@salawus.com
          afishbeck@salawus.com

3033602-LRB/AMF                                                    #6315346

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MARQUIS DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| JEVON F. ARMOUR and | ) | |
| WESTERN EXPRESS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

The undersigned certifies that on the **29th day of August, 2019**, she served a copy of **Notice of Removal** on:

Thomas Kemper
Butler Kemper Law
2421 Corporate Centre, Suite 101
Granite City, IL 62040
(618) 931-1681
Tom.kemper@butlerkemperlaw.com

Via first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, into the U.S. Mail at 150 North Michigan, Chicago, Illinois before 5:00 p.m. on the 29th day of August, 2019.

[x]    Pursuant to 28 USC Section 1746(2),
       I certify under penalty of perjury that
       the foregoing is true and correct.
       Executed on:  August 29, 2019
                    s/ Anne M. Fishbeck

Lew R.C. Bricker
Anne M. Fishbeck
Attorneys for Defendant,
Western Express, Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601

7